[Crim. No. 12619.   Second Dist., Div. Four.   Aug. 25, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RICARDO RAMIREZ, Defendant and Appellant.

Belan M. Wagner, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Anthony S. Dick, Deputy Attorneys General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was found guilty of the offense of possession of heroin (Health & Saf. Code, § 11500). The court found seven prior felony convictions alleged against him to be true.     We conclude that the judgment must be reversed because the evidence which convicted defendant was the product of an illegal search.

On February 5, 1966, defendant was arrested in the lobby of the Barclay Hotel where he was staying with a lady friend. The arresting officer testified he arrested defendant because he had reason to believe he had violated Health and Safety Code section 11853, a misdemeanor, by failing to notify the police department of his change of residence.

The officer had no warrant for defendant's arrest. He had learned that defendant was required to register with the department. He found out defendant had registered on January 24, 1966, giving his address as the El Rey Hotel; that he had moved into the El Rey Hotel on December 13, 1965. The officer further learned that defendant was also living at the Barclay Hotel. Before defendant had entered the lobby of the Barclay, the officer had talked with the desk clerk and had confirmed that defendant and a woman had been living there, on a day-to-day basis, since January 16, 1966.

At the time of the arrest defendant's hands were handcuffed behind his back. After defendant admitted in response to questioning that he was staying at the hotel, the officer asked him if they could go up to his room to have a look around. Upon his affirmative response, the officer took defendant to the room and, while defendant stood by, searched it. The officer then noticed a bulge in defendant's left front trouser pocket. Whereupon, he reached in defendant's pocket and removed a brown paper sack. He opened the sack and observed that it contained four balloons. The balloons were filled with heroin. This evidence was introduced against defendant at the trial over his objection that it was acquired as the result of an illegal search.

The People seek to justify the search on the basis that it was a reasonable incident to the lawful arrest of defendant. It is suggested the evidence is sufficient to support a finding that reasonable cause existed for the officer to believe defendant committed a public offense in his presence; that he violated Health and Safety Code, section 11853, by failing to inform the police that he was living at the Barclay Hotel.

A peace officer may arrest a person without a warrant, ''Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence.'' (Pen. Code, § 836.)

Health and Safety Code, section 11850 requires registration of persons convicted of certain enumerated narcotics offenses. They must register with the local police or sheriff's department within 30 days after discharge or parole, or within 30 days after taking up residence in a different county or city.

Section 11853 provides in part: ''If any person required to register hereunder changes his residence address he shall inform, in writing within 10 days, the law enforcement agency with whom he last registered of his new address.'' It further provides that, ''Any person required to register under the

provisions of this section who shall knowingly violate any of the provisions thereof is guilty of a misdemeanor.''

The arresting officer testified that he arrested defendant because he believed defendant ''had two residences and that he was telling the Police Department about one of them.'' To support this conclusion, the officer relied upon the fact that defendant maintained a residence at the El Rey Hotel, but, for a period of about three weeks, had also been registered and living on a day-to-day basis with a woman in the Barclay Hotel. There is no suggestion that his relationship with the woman was anything other than transitory. We cannot say this constitutes the crime defined in Health and Safety Code section 11853. That offense is committed where the person required to register ''changes his residence address. . . .'' Nowhere does the statute indicate that the registrant must re-register whenever he leaves his residence temporarily for a brief sojourn elsewhere. This is not what could be regarded as a change of residence address.

The arrest was therefore unlawful, and the evidence thereby obtained is inadmissible.

The judgment is reversed.

Files, P. J., and Kingsley, J., concurred.